**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Pelisi Foketi Fonua, | Case No.: 2:24-cv-00385-APG-DJA |
| Petitioner | **Order Granting, in Part, Fonua's § 2241 Habeas Petition, and Denying his Motion for Appointment of Counsel** |
| v. | |
| United States of America, et al., | [ECF Nos. 2, 5] |
| Respondents | |

Petitioner Pelisi Foketi Fonua has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention pending enforcement of his final removal order, as well as a motion for appointment of counsel. ECF Nos. 2, 5.  Following preliminary review of the petition, I directed service of the petition on the respondents. ECF No. 4.  The respondents have answered the petition (ECF No. 7), and Fonua has replied (ECF No. 8).  For the reasons discussed below, the petition is granted in part, and the motion for appointment of counsel is denied.

**Background**

Fonua is a citizen of Tonga.  He first arrived in the United States in October 1981.  He was convicted of attempted murder, infliction of corporal injury to a spouse, child endangerment, and assault by force producing great bodily harm.  The Department of Homeland Security (DHS) issued a notice to appear charging him with removability from the United States on two grounds:

(1) under 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen convicted of aggravated felony offense as defined in 8 U.S.C. § 1101(a)(43)(U), a law relating to an attempt or conspiracy to commit an offense described in 8 U.S.C. § 1101(a)(43); and

(2) under 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen convicted of an aggravated felony offense as defined in 8 U.S.C. 1101(a)(43)(A), a law relating to murder, rape, or sexual abuse of a minor.

ECF Nos. 7-3, 7-4.

An Immigration Judge (IJ) denied Fonua's requests for asylum, withholding of removal, and withholding of removal under the Convention against Torture, and deferral of removal under the Convention against Torture. The IJ ordered Fonua removed to Tonga. ECF No. 7-5 at 9-10. On September 1, 2022, Fonua was taken into DHS custody and placed in civil immigration detention on charges of removability. Fonua appealed the IJ's decision and the Board of Immigration Appeals (BIA) dismissed the appeal. ECF No. 7-6. Fonua filed a petition for review with the United States Court of Appeals for the Ninth Circuit as well as a motion for stay of removal. ECF No. 7-7. The Ninth Circuit granted a temporary stay of removal. *Id*. On June 20, 2023, the Ninth Circuit denied Fonua's petition for review, denied his motion for stay of removal, and lifted the temporary stay of removal.[1] *Id*. On October 20, 2023, the Ninth Circuit issued its mandate. *Id*.

Fonua filed a motion to reopen proceedings and motion for stay of removal before the BIA, which were denied. ECF No. 7-14. Fonua filed a petition for review and a motion for stay of removal before the Ninth Circuit. ECF No. 7-15. The Ninth Circuit granted the motion for stay of removal, and the petition for review challenging the denial of Fonua's motion to reopen remains pending before the Ninth Circuit. *Id*. at 3.

---

[1] The court takes judicial notice of the online docket records of the Court of Appeals in Case No. 23-749, *Fonua v. Garland*.

2

Between September 2022 and October 2023, Fonua filed multiple bond requests in immigration court. In May 2023, an IJ held a custody redetermination hearing and issued a bond memorandum finding that DHS met its burden of proving that Fonua is a danger to the community and that Fonua failed to demonstrate that he is not a flight risk. ECF No. 7-8. The BIA dismissed Fonua's appeal of denial of bond and the Ninth Circuit dismissed the case as well. ECF Nos. 7-9, 7-10. In July 2023, Fonua filed two bond requests based on new evidence. Fonua submitted that he had a pending request to expunge his criminal conviction and that there was limited capacity to treat his medical condition, thyroid cancer, in Tonga. ECF No. 7-11. An IJ denied his request for a new bond hearing. *Id*. The BIA dismissed Fonua's appeal, and the Ninth Circuit dismissed the case as well. ECF Nos. 7-12, 7-13.

In February 2024, Fonua commenced this habeas proceeding. ECF No. 2. Fonua claims his prolonged detention violates his Fifth Amendment Due Process rights. He asserts that he was deprived of a full and fair bond hearing because the government cannot meet its burden to prove that Fonua is a presently a danger to the community. In his request for relief, Fonua seeks a grant of writ of habeas corpus directing his release from custody or, in the alternative, release on a reasonable bond with appropriate conditions of supervision. In the alternative, he requests a new bond hearing in which the government bears the burden of proof to show, by clear and convincing evidence, that he is a present danger to the community or a flight risk.

**Discussion**

**I.    Governing Law**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to

immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020).

The Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*, provides a "complex statutory framework of detention authority" codified at 8 U.S.C. § 1226(c) and § 1231. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Where a non-citizen falls within the statutory scheme "can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Id.* In general, § 1226(c) governs detention during the pendency of a non-citizen's removal proceedings, and § 1231 governs detention following the issuance of a final removal order.

The Supreme Court of the United States held in *Jennings v. Rodriguez* "that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." 583 U.S. 281, 305-306 (2018). The Supreme Court overturned Ninth Circuit precedent requiring periodic bond hearings for § 1226(c) detainees as a statutory matter but declined to reach the merits of the petitioners' constitutional arguments. *Id.* at 851. As a result, current Supreme Court precedent does not tell us when the length of detention under § 1226(c) will become unreasonable without a bond hearing thereby making continued detention unconstitutional in a particular case. The issue also remains unresolved in the Ninth Circuit. *See Rodriguez v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022) ("We in turn remanded [*Jennings*] to the district court, which has not yet issued a decision."); *see also Avilez v. Garland*, 48 F.4th 915, 927 (9th Cir. 2022) (declining to determine whether due process required a bond hearing for a noncitizen detained under § 1226(c) and remanding to the district court for consideration of the due process claim).

By comparison, under § 1231 detention of a noncitizen is mandatory during the removal period, which is the 90 days during which the Attorney General must remove the noncitizen. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found … deportable under section 1227(a)(2) or 1227(a)(4)(B)."). The removal period starts on the latest of the following dates: (1) "[t]he date the order of removal becomes administratively final," (2) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order," or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is release from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

Detention of a noncitizen ordered removed is mandatory during the 90-day removal period, and the release of criminal aliens during the removal period is prohibited. *See* § 1231(a)(2). Although indefinite detention is not permitted, a noncitizen may be detained beyond the 90-day removal period for a reasonable amount of time. 8 U.S.C. § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In *Zadvydas*, the Supreme Court found that § 1231(a) was ambiguous and could be understood as 'authoriz[ing] indefinite, perhaps permanent, detention." 533 U.S. at 688. The *Zadvydas* court concluded that the post-removal-period detention permitted by § 1231(a)(6) must be limited "to a period reasonably necessary to bring about [the] alien's removal from the United States." *Id*. at 689-90, 699. The *Zadvydas* court held that a post-removal-period detention of six months is "presumptively reasonable," but further concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699, 700-01.

/ / / /

## II. Analysis

### a. Fonua is detained under the authority of § 1231(a).

As the respondents state, Fonua's 90-day removal period commenced on the date that the Ninth Circuit issued its mandate for its order dismissing Fonua's petition for review of the order of removal and denying his motion for stay of removal. Accordingly, as of October 20, 2023, the authority for Fonua's detention shifted from § 1226(c) to § 1231(a). *See* 8 U.S.C. § 1231(a)(1)(B). Although Fonua has a pending petition for review challenging the denial of his motion to reopen before the Ninth Circuit, the Ninth Circuit has noted that the removal period is not modified by such appeals:

> The beginning of the removal period is not delayed by every judicially entered stay, because the exclusive means for judicial review of a removal order is petition for review filed with the appropriate court of appeals. *See* §§ 1231(a)(1)(B)(ii). Therefore, the entry of a stay of removal for any other reason—for example, a stay entered while a court review's an alien's § 2241 habeas petition or petition for review of the BIA's denial of a motion to reopen—does not prevent the removal period from beginning.

*Prieto-Romero*, 534 F.3d at 1060. *See also* 8 C.F.R. § 241.4(b)(1) ("shall remain subject to the provisions of this section [241.4, concerning detention beyond the removal period] unless the motion to reopen is granted"). *See also Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir. 2008) (Diouf I) ("although Diouf's appeals to this court resulted in several stays of removal, those appeals did not entail judicial review of a removal order, [but only] of his motions to reopen.")

### b. The respondents' requests for dismissal are denied.

The respondents assert that Fonua's habeas petition should be dismissed because he premised his argument for alleged unconstitutional detention on § 1226(c). *Pro se* litigants, however, are entitled to liberal construction of their pleadings. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (the court has an obligation to

construe a pro se petitioner's pleadings liberally and to afford petitioner the benefit of any doubt). Here, Fonua alleges that he has been detained since September 1, 2022, and that his detention is prolonged and unconstitutional, citing the Fifth Amendment Due Process clause and relevant case law such as *Zadvydas*. ECF Nos. 2 at 9, 8 at 5-6. The shift in authority over Fonua's detention did not moot his claim that his prolonged detention violates the Fifth Amendment.

In addition, the respondents assert that Fonua prematurely filed his habeas petition because he filed it before the expiration of the presumptively reasonable six-month post-removal-period contemplated by *Zadvydas*. Fonua was detained for the 90-day removal period as mandated by § 1231(a) from October 20, 2023 through January 18, 2024, but he was not removed. *See* 8 U.S.C. § 1231(a)(1)(A) (requiring Attorney General to effect removal within 90 days of order of removal). His detention continued beyond the removal period and as the respondents contend, Fonua's post-removal-period detention—from January 19, 2024, through July 19, 2024—was presumptively reasonable. *See Zadvydas*, 533 U.S. at 701. Of course, the six-month period has now expired, without removal and with continued detention. Given these circumstances, I will not dismiss Fonua's petition as premature.

### c. Whether Fonua is Entitled to a New Bond Hearing

In *Diouf v. Napolitano* (*Diouf II*), the Ninth Circuit stated that "prolonged detention under § 1231(a)(6), without adequate procedural protections, would raise 'serious constitutional concerns'" and addressed those concerns by "apply[ing] the canon of constitutional avoidance and constru[ing] § 1231(a)(6) as requiring individualized bond hearing, before an immigration judge, for aliens facing prolonged detention under the provision." 634 F.3d 1081, 1085 (9th Cir. 2011) (quoting *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942, 950 (9th

Cir. 2008)). The Ninth Circuit noted, however, that the mere passage of the presumptively reasonable six-month post-removal period did not absolutely mandate a new bond hearing. "If the 180-day threshold has been crossed, but the alien's release or removal is imminent, DHS is not required to conduct a 180-day review, see 8 C.F.R. § 241.4(k)(3), and neither should the government be required to afford the alien a hearing before an immigration judge." *Diouf II*, 634 F.3d at 1092, n. 13. If an alien's "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700. "[O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

      Here, it appears that Fonua's last bond hearing was held in May 2023, before his removal period commenced upon issuance of the Ninth Circuit's mandate of its order denying Fonua's petition for review of the order of removal and denying his motion for stay of removal. He requested new bond hearings in July 2023 that were denied. ECF No. 7-11. As noted by *Diouf II*, the showing necessary to justify detention increases as the duration of detention extends.

      Fonua argues that his removal is not reasonably foreseeable based on his appeals to the Ninth Circuit. ECF No. 8 at 9. The Ninth Circuit in *Diouf II* suggested that a new bond hearing be granted in these circumstances, where it has become clear that continued, post-removal proceedings will delay removal and prolong detention. "When, for example, this court grants a stay of removal in connection with an alien's petition for review from a denial of a motion to reopen, the alien's prolonged detention becomes a near certainty." 634 F.3d at 1092, n. 13. *See also Khalafala v. Kane*, 836 F.Supp. 2d 944, 957 (D. Ariz. 2011) ("an intervening stay of removal in connection with review of a motion to reopen renders prolonged detention a near

certainty" and entitles alien to a bond hearing). Based on the foregoing, Fonua's removal is not likely to occur in the reasonably foreseeable future.

I do not order Fonua's release as he requests. Instead I order that Fonua receive an individualized bond hearing before an IJ with the power to release him on bond unless he is deemed a flight risk or danger to the community. *See Sied v. Nielsen*, 2018 WL 1876907, at *4 (N.D. Cal. Apr. 19, 2018). Accordingly, to the extent that Fonua seeks a custody redetermination hearing before an Immigration Judge, his petition is granted.

### III. Motion for Appointment of Counsel

Fonua seeks the appointment of counsel to assist him in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). The decision to appoint counsel is generally discretionary. Fonua's pleadings are sufficiently clear in presenting the issues and the issues are not complex. Appointment of counsel is not justified in this instance so the motion for appointment of counsel is denied.

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court" or in a proceeding under 28 U.S.C. § 2255. This case arises under 28 U.S.C. § 2241 and does not attack a state court detention. Accordingly, no ruling on a certificate of appealability is required, and I will not offer a recommendation regarding such.

///

**Conclusion**

I THEREFORE ORDER:

1. Petitioner Pelisi Foketi Fonua's petition for writ of habeas corpus under 28 U.S.C. § 2241 **(ECF No. 2) is granted, in part**. Fonua's request for release is denied. However, by **October 31, 2024**, Fonua must receive an individualized bond hearing before an immigration judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

2. Fonua's motion for appointment of counsel **(ECF No. 5) is denied**.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED this 27th day of September, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE