UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Pelisi Foketi Fonua,<br><br>    Petitioner<br><br>v.<br><br>United States of America, et al.,<br><br>    Respondents | Case No.: 2:24-cv-00385-APG-DJA<br><br>**Order Denying Fonua's Motion to Enforce and Motion for Appointment of Counsel**<br><br>[ECF Nos. 11, 12] |

Petitioner Pelisi Foketi Fonua filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention pending enforcement of his final removal order. ECF No. 2. I granted the petition, in part, and ordered that Fonua must receive an individualized bond hearing before an immigration judge (IJ). ECF No. 9. Before me is Fonua's motion to enforce (ECF No. 11) and motion for appointment of counsel (ECF No. 12).

**Discussion**

**I.    Motion to Enforce**

In my September 27, 2024, order I denied Fonua's request for release, but ordered that Fonua must receive an individualized bond hearing no later than October 31, 2024. ECF No. 9 at 10. In his motion, Fonua requests immediate release because the respondents failed to fulfill the order directing an individualized bond hearing. ECF No. 11 at 1. The respondents, however, provide that "while regrettably late due to an unintentional logistical oversight," Fonua had a bond hearing on November 20, 2024. ECF No. 13 at 1. The IJ denied release on bond finding that Fonua remains a flight risk and a danger to the community. ECF No. 13-1.

Because Fonua has had an individualized bond hearing, I deny his motion to enforce as moot. I further deny Fonua's request for release. If he is dissatisfied with the IJ's bond

determination, he may file an administrative appeal so that "the necessity of detention can be reviewed by … the [Board of Immigration Appeals] (BIA)." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008). A noncitizen must seek review from the BIA before filing a habeas petition in court. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 1022).

### II. Motion for Appointment of Counsel

Fonua again seeks the appointment of counsel to assist him in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). I find that appointment of counsel is not justified in this instance and the motion is denied.

### Conclusion

I THEREFORE ORDER:

1. Petitioner Pelisi Foketi Fonua's motion to enforce **(ECF No. 11) is denied as moot.**

2. Fonua's motion for appointment of counsel **(ECF No. 12) is denied**.

DATED this 7th day of April, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE